IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HALSTED CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GLOBAL STRATEGIES, INC.,<br><br>　　　　　　　Defendant. | C.A. No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Halsted Corporation ("Halsted" or "Plaintiff") for its Complaint against Global Strategies, Inc. ("GSI" or "Defendant") by and through its attorneys, allege as follows:

## NATURE OF THE ACTION

1. Halsted seeks relief from the Court because GSI is threatening litigation against Halsted and its customers based on assertions GSI knows to be untenable, and is intentionally and wrongfully harming Halsted's relationships with its customers.

2. Halsted seeks declaratory judgment of invalidity and/or non-infringement of GSI's patent and brings a claim of tortious interference against GSI.

3. Both a prior federal court ruling and disclosures from Halsted confirm that the features in products that GSI asserts as a basis for patent infringement were present in products sold in the United States more than one year prior the filing date of the '327 patent. The sale of these products prior to the one-year statutory bar precludes GSI from any right to exclude under the Patent Statute encompassing the features present in those products.

4. GSI has wrongly threatened both Halsted and its customers with legal action despite knowing that its infringement allegations are untenable. GSI seeks to preclude Halsted and its

customers from selling products embodying technology that has been in the public domain for decades. GSI's harassment intended to stifle competition is unlawful.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7. This Court has personal jurisdiction over GSI, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because GSI has engaged in acts constituting doing business in the State of New Jersey, including in this judicial district ("District"). GSI sells and promotes products containing the allegedly patentable features that GSI asserts are infringed by Halsted and its customers in this District. GSI has also intentionally harmed Halsted in this District by demanding that Halsted cease-and-desist sales of its DURASACK bags and threatening its customers with patent infringement litigation despite knowing that the '327 patent claims are invalid. GSI is trying to influence Halsted's customers into no longer purchasing the DURASACK bags from Halsted and direct an increased market share to GSI. GSI has sent cease-and-desist letters to Halsted in this District and to Halsted's customers outside of this District.

8. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because New Jersey is the District in which Halsted resides; and/or because New Jersey is where Halsted has a regular and established place of business where the alleged acts of infringement, including selling, offering for sale, and importing allegedly infringing products have occurred.

## PARTIES AND ACCUSED PRODUCT

9. Plaintiff Halsted is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business at 51 Commerce Dr., Suite 3, Cranbury, New

Jersey 08512. Halsted's business operations including sales and purchasing decisions occur in this District. Halsted has been selling woven polypropylene bags for over 40 years, including those sold wholesale for use in agricultural, construction, food, and chemical applications.

10. DURASACK is a federally registered trademark owned by Halsted. Halsted uses the DURASACK mark for products that are sold to stores for retail purchase by consumers.

11. Defendant Global Strategies, Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Burlington, Middlesex County, Massachusetts.

12. Halsted and GSI are competitors in the field of woven polypropylene bags used for a variety of dry goods, including debris and building materials, available for retail purchase.

13. GSI's infringement allegations are directed to Halsted's DURASACK Heavy Duty Contractor Bag. The cylinder shape with stitching on one end and a stitch count addressed in GSI's infringement contentions have been present in Halsted's agricultural applications sold wholesale for decades.

## PATENT-IN-SUIT

14. U.S. Patent No. 7,510,327 ("the '327 patent") was issued on March 31, 2009 based on U.S. Patent Application No. 11/079,060 filed on March 14, 2005. The '327 patent is entitled, "High Strength Ribbon-Woven Disposable Bag for Containing Refuse." According to assignment records at the United States Patent and Trademark Office ("USPTO"), GSI is the current owner of the '327 patent. A copy of the '327 patent is attached as Exhibit A.

15. Claim 1 of the '327 is reproduced below:

> 1. An ultra strong, tear-resistant, puncture-resistant bag having a high tear strength, comprising:
>
> a ribbon-woven bag having crossed woven ribbons of flat polypropylene sheet devoid of low melting temperature bonding

layers between the crossed ribbons, said bag formed in a cylinder and stitched at one end to complete the bag, wherein the stitch count for said bag is 100 per inch.

(Ex. A, col. 5, lines 30-37.)

16. Claim 1 of the '327 patent was allowed by the Patent Examiner contingent upon on amending the claims to include the requirement that "the stitch count for said bag is 100 per inch."

17. At no time during the prosecution of the '327 patent, did the named inventors, Bruce Williams and Bruno Drummond, or their representatives inform the USPTO that 100 per inch stitch count, ribbon-woven bags formed in a cylinder and using cross woven ribbons of flat polypropylene sheet devoid of low melting temperature bonding layers between the crossed ribbons existed in the prior art for more than a year before the March 14, 2005.

18. A patent claim is invalid if "the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b) (Pre-AIA).

### GSI'S INFRINGEMENT ALLEGATIONS DIRECTED TO HALSTED AND ITS CUSTOMERS

19. On December 2, 2024, counsel for GSI sent a letter to Justin Murphy, CEO of Halsted. A true and correct copy of the letter is attached at Exhibit B. The letter states:

> It has come to our attention that Halstead [sic] Corporation (hereinafter, "Halstead"), directly or indirectly through an affiliated company, is engaged in the making, using, importing, offering for sale, and/or selling within the United States a certain product identified as the "DuraSack Bag" (hereinafter, the "DuraSack Bag").
>
> A review of the DuraSack Bag shows that it infringes at least Claim 1 of the '327 Patent.

(Ex. B at 1.)

20. The letter includes a brief claim chart including two images: (1) a website image depicting a DURASACK Heavy Duty Contractor Bag allegedly demonstrating that it is a "bag formed in a cylinder and stitched at one end to complete the bag"; and (2) a picture of the weave purportedly from the bag with a square frame with millimeter and inch markings overlayed on top to allegedly demonstrate a stitch count of 100 per square inch. (Ex. B at 2.)

21. GSI's letter alleges that Halsted infringes the '327 patent and states that GSI is "fully prepared to take any and all necessary actions to protect itself and its rights and interests." (*Id.*) The letter further demands that Halsted "immediately cease and desist making, using, selling, importing and/or offering for sale in the United States, its Territories and Possessions the DURASACK Bag" and insisted on a written confirmation of compliance by December 18, 2024. (*Id.*)

22. Counsel for GSI also sent letters to Walmart, Lowes, and Home Depot, customers of Halsted. The letters asserted infringement by the DURASACK bag and demanded that the customers cease-and-desist sales of Halsted's product. True and correct copies of the letters are attached as Exhibits C, D, and E.

23. During the week of December 18, 2024, counsel for Halsted spoke with counsel for GSI. Halsted's counsel informed GSI's counsel that the DURASACK bag predates the '327 patent by several years and accordingly, there could be no viable patent infringement claim.

24. On December 23, 2024, Halsted's counsel sent a letter confirming the conversation and attaching exemplary evidence that Halsted has been selling products with the same features alleged to be infringing in the DURASACK product in the United States at least as early as 1996. A true and correct copy of the letter is attached at Exhibit F.

25. On February 20, 2025, GSI sent an infringement letter to Ace Hardware Corp. repeating its infringement allegations directed to the DURASACK bag and insisting that Ace cease and desist sales of the product. A true and correct copy of the letter is attached at Exhibit G.

## ASSERTIONS WRONGLY EXTEND INTO TECHNOLOGY WITHIN THE PUBLIC DOMAIN

26. GSI has known for at least the past seven years that its patent infringement allegations directed to Halsted and its customers are untenable.

27. GSI filed a patent infringement action in 2017 against Interbulk USA, LLC, in the United States District Court for the District of Massachusetts, in case no. 17-CV-12166, asserting infringement of the '327 patent.

28. In response to GSI's motion for a preliminary injunction filed soon thereafter, Judge Stearns issued an order denying the motion. Judge Stearns ruled that, Interbulk had raised a substantial question concerning the validity of the asserted '327 patent claims and that "Interbulk's exhibits demonstrate that, in 2003 and 2004 (more than a year before the '327 patent's 2005 filing date), Interbulk sold cylindrical polypropylene ribbon-woven bags with a 100 stitch count." *See Global Strategies, Inc. v. Interbulk*, 17-cv-12166 (D. Mass. Jan. 12, 2018) (Dkt. No. 16.) The parties filed a stipulated dismissal with prejudice in August 2018.

29. Predecessor products including the same features as Halsted's DURASACK bag that GSI's letter lists as corresponding to the elements of claim 1 of the '327 patent were sold by Halsted in the United States several years before the '327 patent filing date, and thus constitutes anticipating prior art that would invalidate any patent claims deemed to cover the DURASACK product. GSI has been aware of this since December 23, 2024, when counsel for Halsted sent a copy of publications from 1996 and 1997 that included an advertisement from Halsted for "Woven Polypropylene Bags" with "10x10 Hem Top Bags." (Ex. F at 4, 6.)

6

30. These same features have been continuously present in Halsted products, including in bags imported into or sold in the United States before the March 14, 2004 statutory bar date. Attached as Exhibit H are two invoices from 2003 for bags with the same features that GSI presently accuses of infringement.

31. To the extent that a court were to find all the elements of a patent claim in the DURASACK bag, the patent claim would be invalid as anticipated by prior art pursuant to 35 U.S.C. ¶ 102. It is well-established "[t]hat which infringes, if later, would anticipate, if earlier." *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537, 9 S.Ct. 389 (1889).

## GSI STILL SEEKS TO HARM HALSTED THROUGH UNTENABLE PATENT ASSERTIONS

32. Notwithstanding being aware of Judge Stearns' 2018 ruling and Halsted confirming that the alleged infringing features in the DURASACK were present in Halsted bags dating back to at least 1996, GSI has never rescinded its cease-and-desist demand to Halsted, Walmart, Lowes, Home Depot, or Ace Hardware.

33. Instead, GSI threatened another customer of Halsted, Ace Hardware ***after*** being made aware of Halsted's prior art sales that invalidate any patent claim that would be asserted against the DURASACK bag.  (Ex. F.)

34. On information and belief, GSI is still seeking to cause Halsted's customers to stop purchasing the DURASACK product by harassing them with patent infringement allegations GSI knows to be untenable.

## COUNT I:

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '327 PATENT

35. Halsted hereby re-alleges and incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1 through 34.

36. As a result of the acts described in the preceding paragraphs, there exists an actual and judiciable controversy as to whether the claims of the '327 patent are invalid.

37. Halsted is entitled to a declaratory judgment that each of the clams of the '327 patent are invalid pursuant to 35 U.S.C. § 102 and/or 103. Absent a declaration and order as sought by Halsted, GSI will continue to wrongfully assert that the '327 patent against Halsted and its customers.

## COUNT II:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '327 PATENT

38. Halsted hereby re-alleges and incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1 through 37.

39. As a result of the acts described in the preceding paragraphs, there exists an actual and judiciable controversy as to whether Halsted's DURASACK bag infringes the '327 patent.

40. Halsted's DURASACK bag has not and does not infringe any valid and enforceable claims of the '327 patent literally or under the doctrine of equivalents. Because Halsted does not directly infringe any claim of the '327 patent, Halsted has not induced others to infringe or contributorily infringe any claims of the '327 patent.

41. Halsted is entitled to a declaratory judgment that it does not and has not infringed, either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '327 patent under 35 U.S.C. § 1 *et seq*. Absent a declaration and order as sought by

Halsted, GSI will continue to wrongfully assert that Halsted has infringed the '327 patent to Halsted and its customers, thereby causing Halsted irreparable injury and harm.

## COUNT III:

### TORTIOUS INTERFERENCE WITH CURRENT AND PROSPECTIVE ECONOMIC RELATIONSHIPS

42. Halsted hereby re-alleges and incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1 through 41.

43. Halsted has an established reputation as a seller of durable bags.

44. GSI intentionally, wrongfully, and without justification or excuse is interfering with Halsted's existing and prospective business relationship with Walmart, Lowes, Home Depot, and Ace Hardware by alleging that Halsted infringes '327 patent, despite knowing that the claims as asserted to infringe are invalid in view of prior art bags.

45. GSI is deliberately seeking to stifle competition in technology in the public domain for which it has no rightful basis to exclude.

46. GSI's tortious interference has negatively affected Halsted's relationship with Walmart, Lowes, Home Depot, and Ace Hardware by causing them to have to respond to unfounded litigation threats based on sales of Halsted's products, and runs the risk of causing Halsted to lose sales to those customers.

47. GSI's harassment of Halsted's customers through its knowing assertion of invalid patent claims is intentionally and tortiously interfering with Halsted's ongoing business relationships and reasonable expectation of economic advantage.

**PRAYER FOR RELIEF**

WHEREFORE, Halsted prays for relief as follows:

A. a judgment in favor of Halsted and against GSI;

B. a declaration that Halsted has not infringed and does not infringe any valid and enforceable claim of the '327 patent;

C. a declaration that the claims of the '327 are invalid pursuant to 35 U.S.C. § 102 and/or 103;

D. a judgment that GSI be restrained and enjoined from alleging, representing, or otherwise stating that Halsted's DURASACK Contractor Bag, or any bag with the same features identified in its letters, infringes any claims of the '327 patent;

E. an order requiring GSI to contact Walmart, Lowes, Home Depot, Ace Hardware, and any other party to whom GSI has asserted verbally or in writing that Halsted's Contractor Bag infringes the '327 patent and rescind its allegations in writing with a copy of such communication provided to Halsted;

F. a declaration that this case is exceptional under 35 U.S.C. § 285 and awarding Halsted its attorney's fees and expenses in this action;

G. an award to Halsted its costs in this action and damages to compensate Halsted for the harm incurred due to GSI's harassment of its customers; and

H. any such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Halsted demands a trial by jury on all claims and issues on which a jury trial is available under applicable law.

| | |
|---|---|
| Dated: May 1, 2025 | */s/ Paul Kremer* <br> Paul Kremer (NJ Bar No. 421702023) <br> BENESCH FRIEDLANDER <br>  COPLAN & ARONOFF LLP <br> 1155 Avenue of the Americas, 26th Floor <br> New York, NY 10036 <br> Tel: 646-593-7050 <br> pkremer@beneschlaw.com <br> <br> David H. Bluestone <br> Carlton J Hemphill <br> BENESCH FRIEDLANDER <br>  COPLAN & ARONOFF LLP <br> 71 S. Wacker Drive, Suite 1600 <br> Chicago, IL 60606 <br> Tel: 312-212-4949 <br> dbluestone@beneschlaw.com <br> chemphill@beneschlaw.com <br> <br> *Attorneys for Plaintiff Halsted Corporation* |